**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102-5310
(973) 596-4500
*Attorneys for Defendant EquiMine, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>                    Plaintiffs,<br><br>    v.<br><br>EQUIMINE, INC. D/B/A PROPSTREAM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>                    Defendants. | Civil Action No.: 3:24-cv-4261<br><br>[Previously pending in the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. MON-L-535-24]<br><br>**NOTICE OF REMOVAL**<br><br>*Document electronically filed* |

**TO:**   **Clerk of the Court**
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, New Jersey 08608

| | |
|---|---|
| Rajiv D. Parikh, Esq.<br>Kathleen Barnett Einhorn, Esq.<br>PEM LAW LLP<br>1 Boland Drive, Suite 101<br>West Orange, New Jersey 07052<br>(973) 577-5500<br>rparikh@pemlawfirm.com | John A. Yanchunis, Esq.<br>Ryan J. McGee, Esq.<br>MORGAN & MORGAN<br>201 North Franklin Street, 7th Floor<br>Tampa, Florida  33602<br>(813) 223-5505<br>jyanchunis@ForThePeople.com<br>rmcgee@ForThe People.com |

*Attorneys for Plaintiffs*

1

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441 and 1446, defendant EquiMine, Inc. d/b/a PropStream ("EquiMine"), through its attorneys Gibbons P.C., hereby files this Notice of Removal to remove the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of New Jersey, Law Division, Monmouth County, to the United States District Court for the District of New Jersey. For the reasons stated below, removal of this action is proper because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Therefore, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

## I.    PROCEEDINGS TO DATE

1. A lawsuit styled <u>Atlas Data Privacy Corporation, et al. v. EquiMine, Inc., et al.</u>, Docket No. MON-L-535-24, was filed on February 8, 2024, in the Superior Court of New Jersey, Law Division, Monmouth County (the "State Court Action").

2. Plaintiffs purported to effectuate service on EquiMine on February 26, 2024, by causing a Summons and Complaint to be delivered by hand to the offices of EquiMine's registered agent, CT Corporation, in Glendale, California. (Reich Decl. (annexed as Exhibit B hereto) ¶ 2.)

3. Annexed as Exhibit A hereto are copies of the Summons, Complaint, and related papers pertinent to the State Court Action that were delivered to EquiMine's registered agent.

## II.   PLAINTIFF'S COMPLAINT[1]

4. Plaintiff Atlas Data Privacy Corporation ("Atlas") and eight individual plaintiff law enforcement officers in New Jersey—six named and two unnamed ("Individual Plaintiffs,"

---

[1] Recitation in this Notice of Removal of certain allegations in the pleadings in this matter is not an admission of their truth, and EquiMine denies any wrongdoing. Moreover, EquiMine does not waive, and hereby expressly reserves, all rights, privileges, and defenses in this matter, including defenses regarding personal jurisdiction and venue.

and together with Atlas, "Plaintiffs") (Compl. ¶¶ 15-24)—commenced this action pursuant to Daniel's Law, P.L. 2020, c. 125, codified in N.J.S.A. 47:1A-1, et seq. and N.J.S.A. 56:8-166.1.

5. Daniel's Law, as alleged in the Complaint, "prohibits online data brokers from selling, publishing, and distributing the name and address of current and former judges, law enforcement officers, and prosecutors and their eligible family members (i.e., 'covered persons'), upon any written request by the covered person." (Compl. ¶ 8.) Any covered person "may request that a data broker not 'disclose or re-disclose on the Internet or otherwise make available' their home addresses or unpublished home telephone numbers." (Id. ¶¶ 9, 45, 46.)

6. Atlas purports to assert claims against EquiMine "as the assignee of the claims of approximately 19,399 individuals who are all 'covered persons' under Daniel's Law." (Id. ¶ 26.)

7. The Complaint alleges that "[s]tarting on or about January 2, 2024, each of the Individual Plaintiffs and all of the Covered Persons (who assigned claims to Atlas) sent [to EquiMine] written nondisclosure requests (via email) in accordance with Daniel's Law, using AtlasMail" (id. ¶¶ 51, 55), Atlas's proprietary email system. (Id. ¶¶ 33.)

8. The Complaint further alleges that EquiMine failed to comply with these nondisclosure requests. (Id. ¶¶ 53, 54.)

9. Plaintiffs allege that EquiMine's supposed failure to comply with Daniel's Law has caused them harm and are seeking all legal and equitable relief permitted under that statute. (Id. ¶¶ 62, 63, Wherefore clause; see also ¶ 50.)

### III. GROUNDS FOR REMOVAL

**A.    Complete Diversity of Citizenship Exists Among the Parties.**

10. EquiMine, the lone named defendant, is a California corporation whose principal place of business is in Lake Forest, California. (Reich Decl. ¶ 3.) Accordingly, EquiMine is a

citizen of California.  See Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) ("A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business.").

11. Atlas is a citizen of Delaware.  (See Compl. ¶ 25 ("Plaintiff Atlas Data Privacy Corporation is a Delaware corporation . . . .").  The Complaint also alleges that Atlas has offices in Jersey City, New Jersey (id.), while records maintained by the State's Division of Revenue and Enterprise Services indicate that Atlas's primary business address is in Edison.  (Reich Decl. ¶ 4.)  Thus, Atlas appears also to be a citizen of New Jersey.

12. Three of the Individual Plaintiffs are alleged to live in, and thus are citizens of, New Jersey.  (Id. ¶¶ 16, 18.)  The remaining five Individual Plaintiffs are all law enforcement officers in New Jersey (id. ¶¶ 15, 17, 22-24) and thus, by statute, should be residents of New Jersey.  See N.J.S.A. 52:14-7(a); N.J.S.A. 40A:14-122.8; see also Juvelis v. Snider, 68 F.3d 648, 654 (3d Cir. 1995) ("persuasive evidence" of residency "can include . . . place of employment . . . and civic life in a jurisdiction").  Even if they do reside outside of New Jersey, there is good-faith reason to believe that none of these Individual Plaintiffs, all of whom work in New Jersey, reside on the opposite coast in California.

13. In short, Plaintiffs are citizens of Delaware and New Jersey, while EquiMine is a citizen of California.  As a result, there is complete diversity among the parties.  See 28 U.S.C. §1332(a)(1).

**B.   The Amount in Controversy Requirement Is Satisfied.**

14. The amount in controversy, although not specified in the Complaint, exceeds $75,000, exclusive of interest and costs.  See 28 U.S.C. §1332(a).  Plaintiffs are seeking an award of actual damages, which, under Daniel's Law, is not less than $1,000 for each violation

4

of the statute. (Compl., Wherefore clause (B); see also ¶ 50.) Because Atlas is the putative assignee of more than 19,000 claims, the Complaint implicitly seeks damages in excess of $19 million. See Yucis v. Sears Outlet Stores, LLC, 813 F. App'x 780, 782 n.2 (3d Cir. 2020) (noting that when "the plaintiff's complaint does not include a specific monetary demand, the removing defendant need only 'plausibl[y] alleg[e]' the amount in controversy") (quoting Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014)).

15. Plaintiffs are also seeking punitive damages and attorneys' fees under Daniel's Law (Compl., Wherefore clause (C), (D); see also ¶ 50), both of which are properly included to satisfy the amount in controversy requirement. See Venuto v. Atlantis Motor Group, LLC, No. 17-cv-3363 (RBK/KMW), 2017 WL 4570283, at *3 (D.N.J. Oct. 13, 2017) ("For purposes of calculating the amount in controversy, reasonable attorneys' fees and punitive damages must be counted if they are available under New Jersey state law.").

16. Factoring in the potential for punitive damages and attorneys' fees, each of the Individual Plaintiffs likely also satisfies the jurisdictional amount. But even if they do not, the law is clear that "so long as one plaintiff in this case satisfies the jurisdictional amount [here, Atlas], this Court may exercise supplemental jurisdiction over the remaining plaintiffs' claims." Burgess v. Bennet, No. 20-cv-7103 (FLW), 2021 WL 1050313, at *5 n.9 (D.N.J. Mar. 19, 2021).

17. As a result, the amount in controversy requirement is satisfied, and, because the parties are completely diverse, the exercise of diversity jurisdiction is appropriate.

### IV. VENUE

18. The State Court Action was filed in the Superior Court of New Jersey, Law Division, Monmouth County, which is within this judicial district. See 28 U.S.C. § 110. This Court is thus the proper court for removal under 28 U.S.C. §§ 1441(a), 1446(a).

## V. TIMELINESS

19. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because 30 days have not passed since February 26, 2024, when putative service of the Complaint was effected on EquiMine. Cf. Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 356 (1999) (holding that proper service under state law triggers the time period for filing of removal).

20. As of this date, EquiMine has not filed any responsive pleading in this action.

## VII. NOTICE

21. EquiMine will give written notice of the filing of this Notice of Removal to all counsel of record, per 28 U.S.C. § 1446(d), and a copy of this Notice, together with a Notice of Filing Notice of Removal, will be filed with the clerk of the Superior Court of New Jersey, Monmouth County. A copy of the Notice of Filing Notice of Removal is annexed as Exhibit C.

## CONCLUSION

22. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

23. Based on the foregoing, EquiMine respectfully requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

Dated: March 27, 2024　　　　　By:  s/ Kevin R. Reich         .
　　Newark, New Jersey　　　　　　　Frederick W. Alworth, Esq.
　　　　　　　　　　　　　　　　　　Kevin R. Reich, Esq.
　　　　　　　　　　　　　　　　　**GIBBONS P.C.**
　　　　　　　　　　　　　　　　　One Gateway Center
　　　　　　　　　　　　　　　　　Newark, NJ  07102-5310
　　　　　　　　　　　　　　　　　Tel:  (973) 596-4500
　　　　　　　　　　　　　　　　　falworth@gibbonslaw.com
　　　　　　　　　　　　　　　　　kreich@gibbonslaw.com

　　　　　　　　　　　　　　　　　*Attorneys for Defendant EquiMine, Inc.*