**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102-5310
(973) 596-4500

*Attorneys for Defendant*
*Equimine, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EQUIMINE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | Civil Action No. 24-4261 <br><br> *Document electronically filed* |

### SUPPLEMENTAL BRIEF OF DEFENDANT EQUIMINE, INC.
### IN SUPPORT OF DEFENDANTS' CONSOLIDATED MOTION
### TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

INTRODUCTION .......................................................................................................................1

STATEMENT OF FACTS ...........................................................................................................1

      A.      The Complaint and Its Jurisdictional Allegations ......................................................1

      B.      PropStream's Lack of Contacts with New Jersey .....................................................2

ARGUMENT ................................................................................................................................3

I.      PROPSTREAM IS NOT SUBJECT TO GENERAL JURISDICTION IN NEW JERSEY ...............................................................................................................................3

II.     PROPSTREAM IS NOT SUBJECT TO SPECIFIC JURISDICTION IN NEW JERSEY ...............................................................................................................................4

      A.      PropStream Does Not Target New Jersey With Its Website ....................................4

      B.      Foreseeability Is Not Purposeful Availment ............................................................6

      C.      PropStream Took No Unlawful Action In New Jersey ...........................................6

III.    THE *CALDER* EFFECTS TEST HAS NO APPLICABILITY HERE ............................7

IV.    JURISDICTIONAL DISCOVERY IS NOT WARRANTED ..........................................8

CONCLUSION ...........................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Atlas Data Privacy Corp. v. We Inform, LLC*,
   Civ. No. 24-4037, 2024 U.S. Dist. LEXIS 126377 (D.N.J. Nov. 26, 2024)..............................8

*Calder v. Jones*,
   465 U.S. 783 (1984)................................................................................................3, 7, 8

*Chavez v. Dole Food Co.*,
   836 F.3d 205 (3d Cir. 2016)....................................................................................................3

*CoachSource, LLC v. Coachforce*,
   Civ. No. 17-5126, 2019 U.S. Dist. LEXIS 51561 (D.N.J. Mar. 27, 2019).............................5

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)............................................................................................................3, 4

*Eurofins Pharma US Holdings v. BioAlliance Pharma SA*,
   623 F.3d 147 (3d Cir. 2010)....................................................................................................9

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Ct.*,
   592 U.S. 351 (2021)................................................................................................................4

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
   564 U.S. 915 (2011)................................................................................................................3

*Hankins v. Doubletree Management, LLC*,
   Civ. No. 19-8698, 2022 U.S. Dist. LEXIS 134989 (D.N.J. July 29, 2022)..........................5, 6

*Hasson v. FullStory, Inc.*,
   114 F. 4th 181 (3d Cir. 2024) .............................................................................................4, 8

*IMO Indus., Inc. v. Kiekert AG*,
   155 F.3d 254 (3d Cir. 1998)....................................................................................................8

*Kloth v. S. Christian Univ.*,
   320 F. App'x 113 (3d Cir. 2008) ............................................................................................6

*Lasala v. Marfin Popular Bank Pub. Co.*,
   410 F. App'x 474 (3d Cir. 2011) ............................................................................................8

*M.H. & J.H. v. Omegle.com, LLC*,
   Civ. No. 20-11294, 2021 U.S. Dist. LEXIS 52427 (D.N.J. Mar. 19, 2021)....................5, 6, 9

*Malik v. Cabot Oil & Gas Corp.*,
    710 F. App'x 561 (3d Cir. 2017) ..................................................................................9

*Marten v. Godwin*,
    499 F.3d 290 (3d Cir. 2007)........................................................................................8

*Oshinskie v. O'Grady*,
    Civ. No. 17-3696, 2018 U.S. Dist. LEXIS 194605 (D.N.J. Oct. 25, 2018)...............8

*Remick v. Manfredy*,
    238 F.3d 248 (3d Cir. 2001).......................................................................................7

*Toys "R" Us, Inc. v. Step Two, S.A.*,
    318 F.3d 446 (3d Cir. 2003)...................................................................................4, 5

*Walden v. Fiore*,
    571 U.S. 277 (2014)....................................................................................................7

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980)....................................................................................................6

*Wurth Adams Nut & Bolt Co. v. Seastrom Mfg. Co.*,
    Civ. No. 14-3804, 2015 U.S. Dist. LEXIS 44456 (D.N.J. Apr. 6, 2015) ...................5

**Statutes**

Daniel's Law .................................................................................................................2, 6, 8

**Rules**

Fed. R. Civ. P. 12(b)(2)...........................................................................................1, 5, 10

Rule 12(b)(6)..................................................................................................................3

Defendant Equimine, Inc. d/b/a PropStream ("PropStream") respectfully submits this supplemental brief in support of the consolidated motion to dismiss for lack of personal jurisdiction ("Consolidated Motion") that PropStream joins and that is being filed this same day pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure on docket No. 24-cv-4380.

## INTRODUCTION

The Complaint that Atlas Data Privacy Corporation ("Atlas") and the eight individual plaintiffs (collectively with Atlas, "Plaintiffs") brought against PropStream falls fatally short of plausibly asserting personal jurisdiction over this California-based website operator. PropStream is not at home in New Jersey; there is no adequately alleged connection between PropStream, the forum, and Plaintiffs' claim; and PropStream did not engage in tortious conduct expressly aimed at New Jersey. Because no amount of jurisdictional discovery would cure these legal infirmities, the Complaint against PropStream should be dismissed for lack of personal jurisdiction.

## STATEMENT OF FACTS

### A.   The Complaint and Its Jurisdictional Allegations

Plaintiffs' cookie-cutter complaint—one of some 150 they filed—alleges that PropStream and the unknown defendants "offer and engage in the disclosure of data and information through one or more websites or applications," to wit, propstream.com.[1] (Compl. ¶ 39.) According to the Complaint, visitors to propstream.com "may obtain a name and home address and/or a name and unpublished home telephone number (including the name and address and/or unpublished home telephone number of the Individual Plaintiffs and Covered Persons)." (*Id.* ¶ 40.) These disclosures, Plaintiffs allege, are "to businesses and individuals who operate or reside in New Jersey." (*Id.* ¶ 39.)

---

[1] Plaintiffs also allege, in completely unadorned fashion, that the defendants offer and disclose data and information "otherwise in New Jersey." (*Id.*)

1

"Starting on or about January 2, 2024," as alleged in the Complaint, "each of the Individual Plaintiffs and all of the Covered Persons ([*i.e.*, approximately 19,399 individuals] who assigned claims to Atlas) sent Defendants written nondisclosure requests (via email) in accordance with Daniel's Law." (*Id.* ¶¶ 26, 51.) Those emails purportedly were sent to the following email address: privacyinquiry@propstream.com. (*Id.* ¶ 52.) PropStream allegedly failed to comply with these takedown requests. (*Id.* ¶ 53.)

Plaintiffs' jurisdictional allegations are limited to a single, wholly conclusory paragraph: "This Court has jurisdiction because the parties reside and/or conduct business in New Jersey, along with the Covered Persons, and the unlawful actions complained of herein occurred in New Jersey." (*Id.* ¶ 42.)

### B.     PropStream's Lack of Contacts with New Jersey

Defendant Equimine, Inc. d/b/a PropStream is a corporation formed under the laws of California that has its principal place of business in Lake Forest, California. (Declaration of Brian Tepfer, dated March 18, 2025 ("Tepfer Decl.") ¶ 3.) PropStream is an online provider of real estate data that covers all fifty states and is accessible nationwide. (*Id.* ¶ 4.) None of the real estate data displayed on propstream.com encompasses home telephone numbers, contrary to the allegation in the Complaint. (*Id.* ¶ 5.)

PropStream has no material connection to New Jersey. It is not registered to do business in New Jersey (*id.* ¶ 10), has no employees in New Jersey (*id.* ¶ 6), does not own or lease any property in New Jersey (*id.* ¶ 7), and does not maintain a bank account in New Jersey (*id.* ¶ 11). Nor does PropStream maintain an office or other facility in New Jersey, and accordingly, it has no mailing address or telephone listing in this State. (*Id.* ¶ 7.)

With respect to its website, propstream.com, which provides real estate data from all fifty states, PropStream does not engage in direct marketing that targets New Jersey and its residents

2

more than any other state. (*Id.* ¶ 9.) PropStream also does not contract with any New Jersey-based entity to source its data. (*Id.* ¶ 12.) Neither Atlas nor the Individual Plaintiffs are customers of PropStream. (*Id.* ¶ 13.) And emails directed to privacyinquiry@propstream.com, like the takedown requests sent by the 19,399 Covered Persons alleged in the Complaint, are transmitted to servers that PropStream maintains outside of New Jersey. (*Id.* ¶ 8.) Worth noting, too, is that PropStream never received these takedown requests.[2] (*Id.* ¶ 14.)

Put simply, PropStream has no meaningful contacts with New Jersey.

## ARGUMENT

As discussed more fully below, PropStream is not subject to personal jurisdiction in this forum on any basis – general jurisdiction, specific jurisdiction, or the *Calder* effects test. Nor have Plaintiffs alleged anything close to what they must in order to obtain jurisdictional discovery.

**I.   PROPSTREAM IS NOT SUBJECT TO GENERAL JURISDICTION IN NEW JERSEY**

Only when a defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State" may a court appropriately exercise general jurisdiction. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011). As the Third Circuit has noted, "it is incredibly difficult to establish general jurisdiction [over a corporation] in a forum *other* than the place of incorporation or principal place of business." *Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016) (alteration and emphasis in original). Indeed, it is only the "exceptional case" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such nature as to render the corporation at home." *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014).

---

[2] *See generally* Defs.' Consolidated Motion to Dismiss Plaintiffs' Complaint Pursuant to Rule 12(b)(6), Point III.C, filed on this date in case number 24-cv-4075.

3

This is not the "exceptional case." Equimine is a California corporation with a principal place of business in California (Tepfer Decl. ¶ 3), meaning that Plaintiffs must allege facts suggesting that PropStream's operations are "so substantial" that it is "at home" in New Jersey. *Daimler*, 571 U.S. at 139 n.19. Yet the Complaint merely alleges, without even referring to PropStream by name, that "the parties . . . reside and/or conduct business in New Jersey." (Compl. ¶ 42.) To be clear, PropStream does *not* reside in New Jersey and has no material business ties to this State, as the declaration of its chief executive demonstrates. The Complaint falls woefully short, as a matter of law, of viably asserting general personal jurisdiction over PropStream.

## II.    PROPSTREAM IS NOT SUBJECT TO SPECIFIC JURISDICTION IN NEW JERSEY

Specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co. v. Mont. Eighth Judicial Dist. Ct.*, 592 U.S. 351, 359 (2021). PropStream incorporates by reference the analysis, in the Consolidated Motion, of the three-part test that courts in this Circuit apply to assess whether specific jurisdiction exists: whether the defendant purposefully availed itself of the forum; whether the claims arise out of or relate to the defendant's contacts; and whether exercising jurisdiction over the defendant comports with fair play and substantial justice. *See Hasson v. FullStory, Inc.*, 114 F. 4th 181, 186 (3d Cir. 2024). PropStream writes separately to amplify certain points raised in the Consolidated Motion, particularly as they relate to PropStream's operation of a website not targeted at New Jersey.

### A.    PropStream Does Not Target New Jersey With Its Website

As a threshold matter, "the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). Thus, even assuming for the sake of this motion that propstream.com is a "commercially interactive web site," the Complaint must allege something

4

more: that the site is "directly target[ed]" at New Jersey, that PropStream "knowingly interact[s] with residents of [New Jersey] via its web site," or that PropStream has "sufficient other related contacts" with New Jersey. *Id.* The Court will search the Complaint in vain for any non-conclusory fact that could reasonably be construed as evidence that PropStream targeted or knowingly interacted with residents of New Jersey.

PropStream "is a generally accessible website that looks and operates the same for users across the world. That is not enough to create personal jurisdiction in New Jersey." *M.H. & J.H. v. Omegle.com, LLC*, Civ. No. 20-11294, 2021 U.S. Dist. LEXIS 52427, at *6 (D.N.J. Mar. 19, 2021); *see also CoachSource, LLC v. Coachforce*, Civ. No. 17-5126, 2019 U.S. Dist. LEXIS 51561, at *11 (D.N.J. Mar. 27, 2019) ("Plaintiff has only shown that Defendant's website is 'available to potential customers nationwide.' . . . This showing falls well below the Constitutional requirements for this Court to exercise jurisdiction."). That PropStream does not promote New Jersey properties (relative to others) on its website or single out New Jersey residents in its advertising (Tepfer Decl. ¶ 9) bolsters the case for dismissal. *See Wurth Adams Nut & Bolt Co. v. Seastrom Mfg. Co.*, Civ. No. 14-3804, 2015 U.S. Dist. LEXIS 44456, at *5-6 (D.N.J. Apr. 6, 2015) (granting dismissal under Rule 12(b)(2) where "there is no evidence suggesting that Defendant's website is targeted more specifically to New Jersey customers than those of any other state").

Nothing in the Complaint does (or can) suggest that PropStream deliberately reached into New Jersey to target its citizens. On this point, *Hankins v. Doubletree Management, LLC*, Civ. No. 19-8698, 2022 U.S. Dist. LEXIS 134989 (D.N.J. July 29, 2022), is instructive. The plaintiff, a resident of New Jersey, booked a stay at the Doubletree by Hilton San Juan in Puerto Rico via the Hilton Honors website. *Id.* at *3. She later sued to recover for injuries from a slip and fall she sustained at the hotel's hot tub during her trip. *Id.* at *4. Absent any allegations that the defendants

5

specifically targeted New Jersey customers, the court dismissed the case for lack of personal jurisdiction, holding that the plaintiff's "one-way communication in booking a room through the website," which could be visited by anyone anywhere, did not constitute purposeful availment by the defendants. *Id.* at *12-13. So too here where the Complaint is similarly bereft of facts to indicate that PropStream steered residents of New Jersey to its ubiquitous website or that any interaction a New Jersey resident may have had with the site rose to the level of commercial engagement that Hilton offered (which, in any event, the court found insufficient to confer jurisdiction).

### B. Foreseeability Is Not Purposeful Availment

Whether PropStream could have foreseen that its website would attract users in New Jersey is irrelevant to the specific jurisdiction calculus. That is because "foreseeability alone cannot satisfy the purposeful availment requirement." *Kloth v. S. Christian Univ.*, 320 F. App'x 113, 116 (3d Cir. 2008); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980) (observing that "'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause"). In other words, "a basic awareness that residents of a specific forum use a website is insufficient; the facts must demonstrate that the website *targeted* those users." *Omegle.com*, 2021 U.S. Dist. LEXIS 52427, at *7. Again, the Complaint here does not plead that PropStream targeted any users in New Jersey, much less Plaintiffs themselves, none of whom are alleged to be, or are, customers of PropStream. (Tepfer Decl. ¶ 13.)

### C. PropStream Took No Unlawful Action In New Jersey

As an alternative basis for personal jurisdiction, the Complaint alleges that "the unlawful actions complained of herein occurred in New Jersey." (Compl. ¶ 42.) Not so. The gravamen of the Complaint is that Plaintiffs emailed takedown requests to PropStream pursuant to Daniel's Law and PropStream failed to timely act upon them. (*Id.* ¶¶ 58-59, 61.) Those emails were

transmitted to servers that PropStream maintains outside of New Jersey (Tepfer Decl. ¶ 8), and, to the extent PropStream had received them (it did not), would have been addressed by personnel employed outside of New Jersey (*id.* ¶¶ 6, 7).  As a result, these supposedly unlawful actions did not occur in New Jersey at all.  Rather, what the Complaint seems to intimate is that the *consequences* of those actions were felt by Plaintiffs who have connections with New Jersey.

Case law is crystal clear that "however significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining whether the defendant's due process rights are violated."  *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (internal quotation marks and citation omitted).  What matters from the standpoint of specific jurisdiction are "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."  *Id.*  Therefore, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.  *Id.* at 290.  Here, just like in *Walden*, PropStream's "relevant conduct occurred entirely [outside New Jersey], and the mere fact that [its] conduct [allegedly] affected plaintiffs with connections to [New Jersey] does not suffice to authorize jurisdiction."  *Id.* at 291.

### III. THE *CALDER* EFFECTS TEST HAS NO APPLICABILITY HERE

The Supreme Court, in *Calder v. Jones*, 465 U.S. 783 (1984), "set forth the 'effects test' for determining personal jurisdiction over nonresident defendants who allegedly committed an intentional tort outside the forum."  *Remick v. Manfredy*, 238 F.3d 248, 258 (3d Cir. 2001).  Notably here, "[t]he Court emphasized that the alleged tort was not 'mere untargeted negligence' but rather 'intentional, and allegedly tortious, actions . . . expressly aimed at [the forum state].'"  *Id.* (quoting *Calder*, 465 U.S. at 789).  Thus, to establish personal jurisdiction under *Calder*, a plaintiff must allege that "(1) the defendant committed an intentional tort; (2) the plaintiff felt the

7

brunt of the harm in the forum; and (3) the defendant expressly aimed his tortious conduct at the forum." *Hasson*, 114 F.4th at 187.

The *Calder* test does not apply here because Plaintiffs do not, nor could they, allege that PropStream committed an intentional tort. Indeed, this Court concluded that violation of "Daniel's Law does not mandate a specific intent standard of liability" but rather embodies "a negligence test." *See Atlas Data Privacy Corp. v. We Inform, LLC*, Civ. No. 24-4037, 2024 U.S. Dist. LEXIS 126377, at *46-47 (D.N.J. Nov. 26, 2024) ("Daniel's Law is reasonably susceptible to a construction with a negligence standard of liability" and "must be read as imposing liability only if a defendant unreasonably disclosed or made available the home addresses and unlisted telephone numbers of covered persons after the statutory deadline had expired").

More fundamentally, the Complaint does not plead that PropStream expressly aimed its conduct at New Jersey. Plaintiffs, as discussed above, do not and cannot "point to specific activity indicating that" PropStream purposefully took any steps to harm New Jersey or its residents. *Oshinskie v. O'Grady*, Civ. No. 17-3696, 2018 U.S. Dist. LEXIS 194605, at *15 (D.N.J. Oct. 25, 2018). Even assuming, solely for the purpose of this motion, that PropStream received the takedown requests (it never did) and therefore knew that Plaintiffs are located in New Jersey, this "'knowledge . . . alone is insufficient to satisfy the targeting prong of the effects test.'" *Hasson*, 114 F.4th at 196 (quoting *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 266 (3d Cir. 1998)). Failure to satisfy the targeting prong dooms invocation of *Calder*. *See Oshinskie*, 2018 U.S. Dist. LEXIS 194605, at *14 ("'Only if the 'expressly aimed' element of the effects test is met need we consider the other two elements.'") (quoting *Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007)).

## IV.   JURISDICTIONAL DISCOVERY IS NOT WARRANTED

Finally, it is well-settled that plaintiffs must plausibly allege personal jurisdiction before they can seek discovery to prove it. *See Lasala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x

474, 478-79 (3d Cir. 2011) (affirming decision to deny jurisdictional discovery because "[t]he plaintiff must 'present[ ] factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state.'")  (citation omitted). Put differently, a plaintiff is not entitled to discovery just by asking for it.  *See Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 565 (3d Cir. 2017).  Also, the Third Circuit has cautioned, lower courts should not, "under the guise of jurisdictional discovery," permit plaintiffs to "undertake a fishing expedition based only upon bare allegations."  *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (affirming denial of motion for jurisdictional discovery concerning personal jurisdiction).

  The Complaint here offers nothing but bare allegations as to personal jurisdiction over PropStream – and certainly not reasonably particular facts that might justify further exploration via jurisdictional discovery.  Plaintiffs' approach is obvious: put PropStream through the paces of pre-merits discovery in hopes they can find some hook on which to premise personal jurisdiction.  That, of course, is the very definition of a fishing expedition, which the Third Circuit does not condone.  Because no conceivable basis exists for exercising personal jurisdiction over PropStream, costly and time-consuming jurisdictional discovery is not warranted.  *See Omegle.com*, 2021 U.S. Dist. LEXIS 52427, at *13 ("I cannot infer any likelihood that discovery would reveal evidence showing that the website is directed at New Jersey.  Accordingly, I will not order jurisdictional discovery.").

## **CONCLUSION**

For these reasons and those in the Consolidated Motion, Plaintiffs' Complaint against PropStream should be dismissed for lack of personal jurisdiction under Rule 12(b)(2).

| | |
|---|---|
| Dated: March 18, 2025<br>Newark, New Jersey | s/ Kevin R. Reich<br>Kevin R. Reich, Esq.<br>**GIBBONS P.C.**<br>One Gateway Center<br>Newark, New Jersey 07102-5310<br>(973) 596-4500<br>kreich@gibbonslaw.com<br>*Attorneys for Defendant Equimine, Inc.* |