**FBT GIBBONS LLP**
One Gateway Center
Newark, NJ 07102-5310
(973) 596-4500

*Attorneys for Defendant*
*Equimine, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EQUIMINE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | Civil Action No.  24-4261 <br><br> *Document electronically filed* |

---

## BRIEF OF DEFENDANT EQUIMINE, INC.
## IN OPPOSITION TO PLAINTIFFS'
## MOTION TO COMPEL

---

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ....................................................................................................................... 2

ARGUMENT ............................................................................................................................ 5

I.     PLAINTIFFS' FAILURE TO "CONFER IN GOOD FAITH ABOUT THE MATTERS FOR EXAMINATION," AS REQUIRED BY FED. R. CIV. P. 30(B)(6), WARRANTS DENIAL OF THE MOTION ..................................................... 6

II.    THE INSTANT MOTION SHOULD BE DENIED BECAUSE THE COURT ALREADY DENIED PLAINTIFFS THE DISCOVERY THEY SEEK TO COMPEL ................................................................................................................. 8

III.   THE DISCOVERY SOUGHT GOES BEYOND JURISDICTIONAL DISCOVERY AND SHOULD BE DENIED ................................................................. 10

      A.    Under the Traditional Test, Plaintiffs' Unilateral Contacts Are Insufficient to Demonstrate Minimum Contacts ................................................................. 11

      B.    The *Calder* Effects Test Does Not Apply, But Even If It Did, the Discovery Sought Does Nothing To Further Plaintiffs' Jurisdictional Arguments ............. 13

IV.   IF THE COURT IS INCLINED TO GRANT THE MOTION TO COMPEL, RULE 37 PRECLUDES THE IMPOSITION OF COSTS ON PROPSTREAM ...................... 16

CONCLUSION ......................................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aakash Dalal v. Clearview AI, Inc.*,
  2025 U.S. Dist. LEXIS 118674 (D.N.J. May 1, 2025) ..........................................................12

*Abira Med. Labs., LLC v. Anthem Blue Cross Blue Shield Mo.*,
  2024 U.S. Dist. LEXIS 71590 (E.D. Pa. Apr. 19, 2024) ......................................................12

*Bramhall v. Delsandro*,
  2024 U.S. Dist. LEXIS 136150 (W.D. Pa. Aug. 1, 2024) .....................................................14

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) .......................................................................................................10, 11

*Delena v. Verizon N.Y. Inc.*,
  2006 U.S. Dist. LEXIS 53576 (W.D.N.Y. Aug. 2, 2006) ......................................................8

*Democratic Nat'l Comm. v. Republican Nat'l Comm.*,
  2019 U.S. App. LEXIS 415 (3d Cir. Jan. 7, 2019) .............................................................10

*In re Diisocyanates Antitrust Litig.*,
  2021 U.S. Dist. LEXIS 179413 (W.D. Pa. Sept. 21, 2021) ...................................................5

*Grain Processing Corp. v. Virgin Scent, Inc.*,
  2022 U.S. Dist. LEXIS 195444 (S.D. Iowa Mar. 24, 2022) ...................................................6

*Hanson v. Denckla*,
  357 U.S. 235 (1958) ............................................................................................................12

*Hasson v. FullStory, Inc.*,
  114 F.4th 181 (3d Cir. 2024) .........................................................................................11, 13

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) ............................................................................................................12

*Imes v. Gaming & Leisure Props.*,
  2022 U.S. Dist. LEXIS 10642 (M.D. La. Jan. 20, 2022) ......................................................6

*IMO Indus. v. Kiekert AG*,
  155 F.3d 254 (3d Cir. 1998) ...............................................................................................16

*Kar v. Safeco Ins. Co. of Am.*,
  2024 U.S. Dist. LEXIS 207356 (E.D. Mo. Nov. 15, 2024) ...................................................7

*Kasnick v. Cooke*,
    842 P.2d 440 (Ore. App. 1992) ...............................................................................14

*Kokinda v. Pa. Dep't of Corr.*,
    2018 U.S. Dist. LEXIS 29251 (W.D. Pa. Feb. 23, 2018) ........................................14

*Lloyd-Jones v. Connolly*,
    2022 U.S. Dist. LEXIS 148894 (D.N.J. Aug. 19, 2022) ...........................................5

*Marks v. Alfa Grp.*,
    369 F. App'x 368 (3d Cir. 2010) .............................................................................16

*Marten v. Godwin*,
    499 F.3d 290 (3d Cir. 2007)....................................................................................15

*Martinez v. Jones*,
    2015 U.S. Dist. LEXIS 69468 (M.D. Pa. May 29, 2015) .......................................15

*Mesadieu v. Martinez*,
    Civ. 2023 U.S. Dist. LEXIS 70805 (D.N.J. Apr. 24, 2023) .....................................7

*Misiph v. 360° Painting, LLC*,
    2025 U.S. Dist. LEXIS 88847 (D. Mass. May 9, 2025) ...........................................6

*Moran v. Hawthorne Police Dep't*,
    2025 U.S. Dist. LEXIS 48794 (D.N.J. Mar. 18, 2025)............................................14

*Nash v. Near N. Am., Inc.*,
    2025 U.S. Dist. LEXIS 204908 (D.N.J. Oct. 17, 2025) ...........................................12

*Nevilles v. Waffle House*,
    2021 U.S. Dist. LEXIS 147957 (N.D. Ga. Mar. 5, 2021) .........................................7

*NFIP, LLC v. Nifty Fiftys*,
    2021 U.S. Dist. LEXIS 151693 (E.D. Pa. Aug. 12, 2021).......................................12

*O'Connor v. Sandy Lane Hotel Co.*,
    496 F.3d 312 (3d Cir. 2007)....................................................................................10

*Pinninti v. NRI Med. Coll.*,
    2010 U.S. Dist. LEXIS 55620 (D.N.J. June 4, 2010) .............................................13

*Proteonomix, Inc. v. Crompton*,
    2009 U.S. Dist. LEXIS 143083 (D.N.J. Nov. 10, 2009).........................................12

*Redi-Data, Inc. v. Spamhaus Project*,
    2022 U.S. Dist. LEXIS 136929 (D.N.J. Aug. 2, 2022)...........................................16

*Riedl v. McConchie,*
  2015 U.S. Dist. LEXIS 60309 (D.N.J. May 8, 2015) ............................................................12

*Robinson v. Cty. of San Bernardino,*
  2025 U.S. Dist. LEXIS 188056 (C.D. Cal. Sep. 23, 2025).....................................................15

*Rodi v. S. New Eng. Sch. of Law,*
  255 F. Supp. 2d 346 (D.N.J. 2003) .......................................................................................13

*Rose v. Continental Aktiengesellschaft,*
  2001 U.S. Dist. LEXIS 2354 (E.D. Pa. Mar. 2, 2001)...........................................................10

*Ryan v. Napier,*
  425 P.3d 230 (Ariz. 2018).....................................................................................................14

*Senegal v. Anderson,*
  2021 U.S. Dist. LEXIS 185746 (M.D. La. Sep. 28, 2021) ......................................................7

*Smith v. Lusk,*
  533 F. App'x 280 (4th Cir. 2013) ..........................................................................................14

*Sugartown Worldwide, LLC v. Shanks,*
  2016 U.S. Dist. LEXIS 60239 (E.D. Pa. May 6, 2016) .........................................................15

*Terrazas v. Wal-Mart Assocs., Inc.,*
  2024 U.S. Dist. LEXIS 122157 (W.D. Tex. Apr. 22, 2024).....................................................6

*Tocci v. Antioch Univ.,*
  2007 U.S. Dist. LEXIS 59706 (D.N.J. Aug. 14, 2007)..........................................................13

*Tripp v. Ascentage Pharma Grp. Int'l,*
  2023 U.S. Dist. LEXIS 147949 (D.N.J. Aug. 23, 2023).........................................................11

*Re v. Midland Funding, LLC,*
  2019 U.S. Dist. LEXIS 249634 (D.N.J. Mar. 7, 2019).............................................................8

*Voltaix, LLC v. NanoVoltaix, Inc.,*
  2009 U.S. Dist. LEXIS 91380 (D.N.J. Oct. 1, 2009).............................................................16

*Walburn v. Rovema Packaging Machs., L.P.,*
  2008 U.S. Dist. LEXIS 25369 (D.N.J. Mar. 28, 2008)..........................................................16

*Walden v. Fiore,*
  571 U.S. 277 (2014)........................................................................................................11, 12

*Williams v. Flat Cay Mgmt., LLC,*
  2023 U.S. Dist. LEXIS 45245 (D.V.I. Mar. 17, 2023) ..........................................................14

*Wolstenholme v. Bartels*,
    511 F.App'x 215 (3d Cir. 2013) ................................................................15

**Rules**

Fed. R. Civ. P. 12(b)(2) ..........................................................................2, 8

Fed. R. Civ. P. 26 ..................................................................................10

Fed. R. Civ. P. 26(b)(1) .......................................................................5, 10

Fed. R. Civ. P. 30 ...................................................................................6

Fed. R. Civ. P. 30(b)(6) ................................................................... *passim*

Fed. R. Civ. P. 37 ......................................................................... *passim*

Fed. R. Civ. P. 37(a)(1) .............................................................................7

Fed. R. Civ. P. 37(a)(5)(A) ......................................................................17

Fed. R. Civ. P. 37(a)(5)(A)(i) ..................................................................17

Fed. R. Civ. P. 37.1 ........................................................................1, 2, 7

Fed. R. Civ. P. 37.1(b)(1) ........................................................................7

Defendant Equimine, Inc. d/b/a PropStream ("PropStream") respectfully submits this brief in opposition to Plaintiffs' motion to compel ("Motion to Compel") seeking an order compelling PropStream's corporate representative to appear for a supplemental Rule 30(b)(6) deposition and requiring PropStream to pay for the costs of the court reporter and transcript for the supplemental deposition. Plaintiffs' Motion to Compel should be denied.

## <u>INTRODUCTION</u>

Through this Motion to Compel, Plaintiffs seek to get through the back door what this Court already denied them through the front. In August, this Court denied Plaintiffs' motion to compel the production of PropStream's communications with Plaintiffs/New Jersey residents and Propstream's policies and procedures for complying with Daniel's Law, as an overreach of the limited jurisdictional discovery authorized by the Court.[1] When the Court later granted Plaintiffs permission to take depositions on the issue of personal jurisdiction, Plaintiffs attempted to exploit that opportunity to obtain the very discovery that the Court had just denied it. Plaintiffs' Rule 30(b)(6) deposition notice listed as topics for examination PropStream's communications with Plaintiffs/New Jersey residents and Propstream's policies and procedures for complying with Daniel's Law. After PropStream declined to provide discovery given the Court's prior discovery Order, Plaintiffs filed another motion to compel seeking the same discovery with the same arguments, but hoping for a different result.

Plaintiffs' motion, however, suffers from a series of procedural and substantive infirmities. Apart from failing to give effect to this Court's prior discovery Order, Plaintiffs failed to satisfy the procedure prerequisites of Rule 30, Rule 37 and Local Civil Rule 37.1, failed to demonstrate

---

[1] Plaintiffs' omnibus Motion to Compel seeks to compel a supplemental deposition for five different defendants (referred to herein, collectively as "Defendants" or individually as "Defendant"). This opposition brief addresses only the issues as they relate to PropStream.

how communications with Plaintiffs/New Jersey residents or policies/procedures for complying with Daniel's Law are at all relevant to the issue of personal jurisdiction, and misapply Rule 37 in their attempt to impose costs.

For all of the reasons that follow, Plaintiffs' Motion to Compel should be denied.

## BACKGROUND

On April 2, 2025, this Court granted Plaintiffs' motion for jurisdictional discovery, permitting Plaintiffs to serve interrogatories and requests for production of documents ("RFP") relevant to the pending motions to dismiss pursuant to Rule 12(b)(2), filed by certain Defendants, including PropStream. *See* ECF No. 51 ¶ 6.  On April 14, 2025, Plaintiffs served PropStream with 16 interrogatories and 23 document requests.   PropStream provided timely objections and responses.  Of relevance here, PropStream – and every other Defendant served with jurisdictional discovery – objected to RFP 5 and RFP 7, which demanded:

> **RFP 5:**  All documents reflecting or relating to Defendant's communications, correspondence, or interactions with Plaintiffs or any other New Jersey residents who sent Daniel's Law Requests to Defendant or any other entity associated with Defendant.
>
> **RFP 7:**  All documents reflecting or relating to Defendant's policies, procedures, or practices for
>
> > a.  Processing, responding to, or complying with Daniel's Law Requests from New Jersey residents sent to Defendant or any other related entity.
> > b.  Handling information related to New Jersey residents.

*See* Declaration of Joshua R. Elias ("Elias Decl.") Ex. 1.  Defendants asserted that Plaintiffs' requests were overbroad, irrelevant and not proportional to the needs of the case. *Id.*  Although Plaintiffs' failed to meet and confer with PropStream prior to seeking relief from the Court, as required by Federal Rule of Civil Procedure 37 and Local Civil Rule 37.1 (*see* ECF No. 68 at 2-3), Plaintiffs filed a motion requesting that the Court compel PropStream, and other Defendants,

to provide additional information and documents in response to Plaintiffs' written discovery demands. *See* ECF No. 66. In an August 13, 2025 Order, the Court, having "considered not only the relevance of the requested discovery to the issue or personal jurisdiction, but also proportionality to the needs of the cases," denied Plaintiffs' motion to compel the production of documents. ECF No. 70 ¶ 10.

One month later, on September 12, 2025, the Court issued an Order granting Plaintiffs the ability to "take depositions on the issue of personal jurisdiction." ECF No. 73. On September 26, 2025, Plaintiffs served upon PropStream a Notice of Deposition of Equimine, Inc. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("Deposition Notice"). *See* Certification of Jessica A. Merejo ("Merejo Cert."), Ex. B. The Deposition Notice listed eight topics, including the following topics replicating RFP 5 and RFP 7:

> 6. Defendant's communications or interactions with New Jersey governmental entities, customers, or residents, including responses to Daniel's Law requests, opt-out or suppression requests, and any related correspondence with Plaintiffs.

> 7. Defendant's policies, practices, training, or product modifications addressing New Jersey laws or regulations, including Daniel's Law, the New Jersey Identity Theft Prevention Act, and the New Jersey Fair Credit Reporting Act.

*Id.*

Given that these topics sought discovery identical to RPF 5 and RFP 7,[2] which the Court had just denied Plaintiffs, on October 9, 2025, PropStream served objections to these topics. *See* Declaration of Kevin R. Reich ("Reich Decl.") Ex. A. PropStream's objection letter acknowledged the requirement in Rule 30(b)(6) to make a "good faith attempt to confer…about the topics of examination in the Notice…," and requested a time to discuss PropStream's objections. *Id.*

---

[2] In addition to RFP 5, Topic 6 also reiterates RFP 12 and RFP 15. Topic 7 covers not only RFP 7, but also encompasses RFP 10. *See id.*

3

Despite PropStream's request, and multiple reminders to Plaintiffs' counsel, Plaintiffs never conducted a meet-and-confer on the topics of examination in the Deposition Notice (or its later served Amended Deposition Notice).[3]  *Id.* ¶¶ 5-8.  Plaintiffs elected to proceed with the deposition of PropStream's corporate representative with PropStream's objections outstanding and unaddressed.

To the surprise of no one, PropStream objected, and did not respond, to the following questions posed related to Topic 6 (communications with Plaintiffs/New Jersey residents):

1. Has PropStream received emails from individuals in New Jersey requesting that PropStream cease to make available their protected information?
2. So did PropStream receive emails from individuals asserting their rights under Daniel's Law?
3. When PropStream received those e-mails, did PropStream have a reason to believe that the e-mails were sent by New Jersey residents?
4. Did the e-mails sent by persons asserting their rights under Daniel's Law request the takedown of New Jersey home addresses?
5. Did some of those e-mails reference New Jersey home addresses or New Jersey phone numbers?
6. Did PropStream act upon the requests it received to identify the home addresses or phone numbers identified in the e-mails?
7. Did PropStream respond to any of the e-mails it received from individuals who are attempting to exercise their rights under Daniel's Law?

Merejo Cert. Ex. E, Tr. 115:21 – 118:11.  Similarly, and as expected, PropStream objected, and did not respond, to the following questions posed related to Topic 7 (policies and procedures for complying with Daniel's Law):

8. Does PropStream have a policy in place to address requests that it receives under Daniel's Law?
9. Did PropStream have a policy in place at the time it received the requests to handle the nondisclosure requests sent by New Jersey covered persons?
10. Has PropStream trained any of its employees on how to process nondisclosure requests that it receives?

---

[3] Plaintiffs' Amended Deposition Notice contained the same topics of examination, but included the agreed-upon date for PropStream's Rule 30(b)(6) deposition.  *See* Reich Decl. Ex. C.

11. Does PropStream have any other policies in place to implement other state privacy laws?

*Id.* Tr. 118:12 – 120:5.  Counsel for PropStream advised Plaintiffs' counsel that these 11 questions relating to Topic 6 and Topic 7 "go[] to the merits and not to jurisdictional discovery."  *Id.* Tr. 116:2-3.  Moreover, PropStream's counsel further stated:

> [T]hese questions…seek information that was the subject of written discovery in this case and also the subject of a subsequent motion to compel from [Plaintiffs], all of which [] District Court Judge Bartle determined did not need to be produced or responded to by PropStream.  So this attempt to get that information via deposition that the district court judge indicated PropStream did not need to produce in written discovery is improper.

*Id.* Tr. 118:17 – 119:9.

Following a status conference before this Court, where the Court directed the filing of a motion to compel and set a briefing schedule (*see* ECF No. 84), this Motion to Compel followed.

## ARGUMENT

On a motion to compel, the moving party "bears the initial burden of showing the relevance of the requested information.  The burden then shifts to the party resisting discovery to justify withholding it."  *Lloyd-Jones v. Connolly*, 2022 U.S. Dist. LEXIS 148894, at *18 (D.N.J. Aug. 19, 2022).  "The parties and the court have the collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."  *In re Diisocyanates Antitrust Litig.*, 2021 U.S. Dist. LEXIS 179413, at *12 (W.D. Pa. Sept. 21, 2021) (quoting Fed. R. Civ. P. 26(b)(1), 2015 Advisory Comm. Notes).  While Plaintiffs have failed to meet their burden of showing the relevance of the requested information, there are several additional reasons why the requested discovery should not be had.

I.    **PLAINTIFFS' FAILURE TO "CONFER IN GOOD FAITH ABOUT THE MATTERS FOR EXAMINATION," AS REQUIRED BY FED. R. CIV. P. 30(B)(6), WARRANTS DENIAL OF THE MOTION**

Federal Rule of Civil Procedure 30(b)(6) clearly provides that "[b]efore or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." Fed. R. Civ. P. 30(b)(6). Here, despite PropStream's efforts to "confer in good faith" about the proposed deposition topics and PropStream's objections, Plaintiffs failed to satisfy its obligations under the Rule. The Court can deny Plaintiffs' Motion to Compel on this basis alone.

"Rule 30(b)(6) does not contemplate a court micromanaged process to determine appropriate matters for examination; instead, the parties have the explicit duty to do so through a cooperative process." *Misiph v. 360° Painting, LLC*, 2025 U.S. Dist. LEXIS 88847, at *4-5 (D. Mass. May 9, 2025) (quoting *Grain Processing Corp. v. Virgin Scent, Inc.*, 2022 U.S. Dist. LEXIS 195444, at *13 (S.D. Iowa Mar. 24, 2022)). This requirement, added to the rule in 2020, forces "[c]andid exchanges about the purposes of the deposition" to, among other things, "clarify and focus the matters for examination…, thereby avoiding later disagreements." *See* Fed. R. Civ. P. 30(b)(6) advisory committee note to 2020 amendment.

Here, Plaintiffs repeatedly ignored PropStream's requests to confer about the deposition topics – intent of forging ahead with the deposition, knowing full-well that these objections remained outstanding and unresolved. *See* Reich Decl. ¶¶ 1-8. After flouting its obligations under Rule 30, Plaintiffs now seek relief from the Court. However, courts around the country have repeatedly declined to entertain such motions where the movant has failed to comply with the rule. *See, e.g., Imes v. Gaming & Leisure Props.*, 2022 U.S. Dist. LEXIS 10642, at *9 (M.D. La. Jan. 20, 2022) ("The Court will not order Defendants to appear for a corporate deposition where Plaintiffs have not even attempted to meet the requirements of Rule 30."); *see also Terrazas v.*

*Wal-Mart Assocs., Inc.*, 2024 U.S. Dist. LEXIS 122157, at *3 (W.D. Tex. Apr. 22, 2024) (denying motion to compel, concluding "that Plaintiff flouted the conference requirements of Rule 30(b)(6)" having "failed to confer in good faith before Plaintiff moved to compel."); *Kar v. Safeco Ins. Co. of Am.*, 2024 U.S. Dist. LEXIS 207356, at *22-23 (E.D. Mo. Nov. 15, 2024) (denying motion for protective order where the parties failed to satisfy the requirements of Fed. R. Civ. P. 30(b)(6) to "confer in good faith about the matters for examination."); *Nevilles v. Waffle House*, 2021 U.S. Dist. LEXIS 147957, at *5-6 (N.D. Ga. Mar. 5, 2021) (denying plaintiff's application because plaintiff "appears to have unreasonably failed in her obligation to confer about the proposed deposition topics."); *Senegal v. Anderson*, 2021 U.S. Dist. LEXIS 185746, at *6 (M.D. La. Sep. 28, 2021) (denying motion to compel because, among other reasons, "Plaintiff did not confer in good faith with respect to this deposition prior to filing the instant motion as required [] by…Rule 30(b)(6).").

Then, to compound the problem, Plaintiff never met and conferred with PropStream before filing the Motion to Compel in violation of Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 37.1.[4] *See, e.g.*, *Mesadieu v. Martinez*, Civ. 2023 U.S. Dist. LEXIS 70805, at *7 (D.N.J. Apr. 24, 2023) (holding that "failure to comply with…L. Civ. R.  37.1(b)(1) is a sufficient procedural basis upon which to deny Plaintiff's motion" to compel).[5]

Plaintiffs' Motion to Compel should be denied for failure to comply with Rule 30, Rule 37 and Local Civil Rule 37.1.

---

[4] Plaintiffs Motion to Compel does not "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," as required under Rule 37(a)(1) and Local Civil Rule 37.1(b)(1).

[5] This is becoming a pattern as Plaintiffs similarly failed to meet and confer with PropStream prior to filing their previous motion to compel. *See* ECF No. 68 at 2-3.

## II.    THE INSTANT MOTION SHOULD BE DENIED BECAUSE THE COURT ALREADY DENIED PLAINTIFFS THE DISCOVERY THEY SEEK TO COMPEL

Plaintiffs' discovery requests, recast as deposition topics, are a thinly veiled attempt to circumvent this Court's ruling denying Plaintiffs' this very same discovery.  On April 2, 2025, the Court allowed Plaintiffs to serve interrogatories and requests for production of documents "relevant to the motions…to dismiss pursuant to Rule 12(b)(2)."  ECF No. 51 at ¶ 6.  When those requests exceeded the bounds of jurisdictional discovery, the Court appropriately struck them down.  PropStream – and every other Defendant served with jurisdictional discovery demands – declined to provide discovery on (1) communications with Plaintiffs/New Jersey residents and (2) policies and procedures for complying with Daniel's Law, both of which go to the merits of Plaintiffs' claims rather than jurisdictional inquiries.  Nevertheless, Plaintiffs filed a motion to compel, arguing that these requests are relevant to the personal jurisdiction analysis under the *Calder* "effects" test.  This Court ruled, however, that these requests were not relevant to the issue of personal jurisdiction and/or proportional to the needs of the case, and ***denied*** Plaintiff's motion to compel the production of these documents.  *See* Doc. 70 at ¶ 10.

Undeterred, Plaintiffs took these same requests – requests for discovery which the Court had just told Plaintiffs they were not entitled to – and added them to their Deposition Notice.  The reassertion of these same requests in the form of topics for a deposition of a corporate representative, however, does not render the requests any more discoverable.  *See, e.g., Re v. Midland Funding, LLC*, 2019 U.S. Dist. LEXIS 249634, at *11 (D.N.J. Mar. 7, 2019) ("Plaintiff has now raised it again, making the same arguments that this Court rejected in August. The Court once again denies Plaintiffs requests with regard to the underlying agreements...");  *Delena v. Verizon N.Y. Inc.*, 2006 U.S. Dist. LEXIS 53576, at *5-6 (W.D.N.Y. Aug. 2, 2006) (finding plaintiff effort to seek the disclosure of tax documents which was previously denied by this court

in its ruling on plaintiff's motion to compel was "an effort to circumvent the court's previous discovery order," and "is not proper."). This Court has already ruled that Plaintiffs are not entitled to this discovery and Plaintiffs' attempted workaround to bypass this Court's Order is entirely improper.

In the absence of any legitimate defense for its complete disregard of this Court's Order, Plaintiffs bizarrely claim that the Court's prior denial was actually an invitation to seek this same discovery in depositions. *See* ECF No. 85-11 ("Moving Br.") at 16 ("[I]t appears that the Court was directing that such an inquiry take placed during depositions."). The inference Plaintiffs' draw from the Court's Order denying this discovery has no basis in the text of the Order or the circumstances at the time the Order was entered – particularly since, at the time the Court denied this discovery, *the Court had not yet even allowed Plaintiffs to take any depositions*. The existing Order permitted interrogatories and document requests only, and "precluded" Plaintiffs "from additional discovery without further order of the court." ECF No. 51 at ¶ 6. The Order granting Plaintiffs the ability to conduct depositions would not be issued for another month. *See* ECF No. 73 (dated September 12, 2025).[6]

This Court already denied Plaintiffs' motion to compel this same discovery. Plaintiffs' attempt to reargue the discoverability of this same information should not be entertained by this Court. Plaintiffs' Motion to Compel should meet the same fate as its prior motion seeking this same discovery.

---

[6] Plaintiffs also argue that the deposition questions are "narrow and focused," as compared to the "broader" written discovery requests. However, the deposition questions were equally overbroad, inquiring about emails received "from individuals in New Jersey" and "from individuals asserting their rights under Daniel's Law" – not limited in time or to Plaintiffs. The inquiries were identical, just in a different form.

## III.    THE DISCOVERY SOUGHT GOES BEYOND JURISDICTIONAL DISCOVERY AND SHOULD BE DENIED

Even if the Court were to look past Plaintiffs' failure to confer in good faith (as required by Rule 30(b)(6)) *and* this Court's prior ruling denying Plaintiffs this same discovery, the Motion to Compel must *still* be denied because the information sought is irrelevant to the personal jurisdiction analysis.

While Plaintiffs' legal argument opens with a discussion on the broad nature of discovery under Rule 26 (*see* Moving Br. at 3), as the Third Circuit recognized, "that scope is prefaced by language giving district courts discretion to limit discovery: 'Unless otherwise limited by court order…'" *Democratic Nat'l Comm. v. Republican Nat'l Comm.*, 2019 U.S. App. LEXIS 415, at *5 (3d Cir. Jan. 7, 2019) (citing Fed. R. Civ. P. 26(b)(1)). The Court has done just that here, granting Plaintiffs the ability to conduct *limited* jurisdictional discovery. *See* ECF No. 51. Jurisdictional discovery is "easily targeted at information pertinent to the well-established factors involved in a jurisdictional inquiry." *Rose v. Continental Aktiengesellschaft*, 2001 U.S. Dist. LEXIS 2354, at *10 (E.D. Pa. Mar. 2, 2001).

That jurisdictional inquiry is set out in two tests to determine the existence of specific jurisdiction[7] depending on the claims asserted: (1) the "traditional" or "minimum contacts" test and (2) the *Calder* "effects" test. Under the traditional test, specific jurisdiction exists over an out-of-state defendant if (1) the defendant has "purposefully directed" his activities at the forum; (2) the litigation arises out of or relates to those activities; and (3) the exercise of jurisdiction otherwise comports with fair play and substantial justice. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985); *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). "The *Calder*

---

[7] Plaintiffs do not argue that PropStream is subject to general jurisdiction. *See* Moving Br. at 6 ("These cases involve issues of specific jurisdiction.").

'effects' test requires a plaintiff to plead facts establishing that: (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum; and (3) the defendant expressly aimed his tortious conduct at the forum." *Hasson v. FullStory, Inc.*, 114 F.4th 181, 187 (3d Cir. 2024).

While Plaintiffs proffer no explanation or argument for how PropStream's policies and procedures for complying with Daniel's Law has any impact on the jurisdictional analysis,[8] Plaintiffs maintain that the questions about communications with Plaintiffs/New Jersey residents seek to establish that Defendants were "aware of or received Daniel's Law notices from New Jersey residents…" Moving Br. at 14. According to Plaintiffs, Defendants that received a Daniel's Law request has "actual or constructive knowledge" that "it was targeting" the covered person in New Jersey. *Id.* at 15.

This, however, bears no relevance to either the traditional test or the effects test for personal jurisdiction.

A.    **Under the Traditional Test, Plaintiffs' Unilateral Contacts Are Insufficient to Demonstrate Minimum Contacts**

The minimum contacts inquiry looks to "the defendant's contacts with the forum State." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (quotation omitted). Importantly, "the plaintiff cannot be the only link between the defendant and the forum [as] it is the *defendant's* conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over [the defendant]." *Id.* at 285-86 (citing *Burger King*, 471 U.S. at 478) (emphasis added); *Tripp v. Ascentage Pharma Grp. Int'l*, 2023 U.S. Dist. LEXIS 147949, at *9-10 (D.N.J. Aug. 23, 2023);

---

[8] In the absence of any argument that PropStream's policies and procedures are relevant, PropStream does not address this topic further here. Indeed, PropStream cannot fathom how its policies and procedures could somehow factor into any of the elements required to establish personal jurisdiction and, given the lack of any such argument in the Motion to Compel, neither can Plaintiffs.

*Nash v. Near N. Am., Inc.*, 2025 U.S. Dist. LEXIS 204908, at *7 (D.N.J. Oct. 17, 2025). Specific jurisdiction "must arise out of contacts that the 'defendant himself' creates with the forum State." *Walden*, 571 U.S. at 284.

The questions posed by Plaintiffs sought to illicit deposition testimony concerning the communications *Plaintiffs* sent to PropStream. These emails, assuming they were even received, do nothing to substantiate specific jurisdiction over PropStream under the traditional test because "[t]he unilateral acts of the plaintiff…will not amount to minimum contacts." *Proteonomix, Inc. v. Crompton*, 2009 U.S. Dist. LEXIS 143083, at *5-6 (D.N.J. Nov. 10, 2009) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *see also Riedl v. McConchie*, 2015 U.S. Dist. LEXIS 60309, at *10 (D.N.J. May 8, 2015) (finding that "telephone calls, emails and correspondence," from plaintiff that "originated in and were communicated from New Jersey…amount to nothing more than Plaintiffs' own unilateral contacts with New Jersey" which "are insufficient to justify the exercise of personal jurisdiction."); *NFIP, LLC v. Nifty Fiftys*, 2021 U.S. Dist. LEXIS 151693, at *16 (E.D. Pa. Aug. 12, 2021) ("Plaintiffs' cease-and-desist order and phone calls demanding the same from Defendants are not sufficient to establish minimum contacts because they constitute unilateral activity on Plaintiffs' part.").[9]

"Specific personal jurisdiction arises from a defendant's decision to reach into the forum state, not the plaintiff's decision to reach out from it." *Abira Med. Labs., LLC v. Anthem Blue*

---

[9] To the extent Plaintiffs are seeking discovery about communications from New Jersey residents that are not also Plaintiffs, such information is equally irrelevant. *See Aakash Dalal v. Clearview AI, Inc.*, 2025 U.S. Dist. LEXIS 118674, at *18-19 (D.N.J. May 1, 2025) ("[I]t is well-established that the unilateral activity of another party or third person…cannot establish a non-forum defendant's minimum contacts with the forum state.") (internal quotations and citation omitted).

*Cross Blue Shield Mo.*, 2024 U.S. Dist. LEXIS 71590, at *8 (E.D. Pa. Apr. 19, 2024).[10]  Because these inquiries concern only contacts that Plaintiffs (or other third-parties) initiated with PropStream, discovery on these communications will have no impact on the jurisdictional analysis under the traditional, minimum contacts test.

### B.    The *Calder* Effects Test Does Not Apply, But Even If It Did, the Discovery Sought Does Nothing To Further Plaintiffs' Jurisdictional Arguments

Knowing that Plaintiffs' communications with Defendants do nothing to support Plaintiffs' jurisdictional argument under the traditional test, Plaintiffs pay mere lip service to the relevance of the discovery to the traditional test before quickly turning to the *Calder* "effects" test.  *See* Moving Br. at 14 (offering no argument beyond stating that the questions are "relevant for determining personal jurisdiction under both the traditional and *Calder*-effects test.").  Plaintiffs argue that whether Defendants were "aware of or received Daniel's Law notices from New Jersey residents" and "what Defendants did about the notices are particularly important for personal jurisdiction under the effects test…to show Defendants' knowledge and express aiming at the target forum, New Jersey."  *Id.* at 14-15.  This information is irrelevant for three separate reasons.

First, the *Calder* "effect" test is inapplicable because it only applies to intentional torts. *See Hasson*, 114 F.4th at 187 (explaining that the effects test "requires a plaintiff to plead facts establishing that, [*inter alia*,] the defendant committed an intentional tort").  This Court has held

---

[10] Plaintiffs' single question inquiring about any *response* by PropStream to any of the emails initiated by Plaintiffs similarly fails to constitute sufficient contact with New Jersey. *See Pinninti v. NRI Med. Coll.*, 2010 U.S. Dist. LEXIS 55620, at *22-23 (D.N.J. June 4, 2010) (finding a lack of minimum contacts where all of the actions taken by defendants that were "directed to the plaintiffs in New Jersey…were in response to actions of the plaintiffs and occurred in Michigan."); *Rodi v. S. New Eng. Sch. of Law*, 255 F. Supp. 2d 346, 350-51 (D.N.J. 2003) (response to inquiries were responses to plaintiff's unilateral actions, not purposeful conduct targeted to forum state); *Tocci v. Antioch Univ.*, 2007 U.S. Dist. LEXIS 59706, at *11 (D.N.J. Aug. 14, 2007) (declining to impose specific jurisdiction where defendant university "was merely responding to actions taken by" the plaintiff).

that Daniel's Law should be construed using a *negligence* standard – and, therefore, it is not an intentional tort. *See* ECF No. 29 at 39. These standards are not interchangeable. "[N]egligence and intent are mutually exclusive grounds for liability." *Williams v. Flat Cay Mgmt., LLC*, 2023 U.S. Dist. LEXIS 45245, at \*22-23 (D.V.I. Mar. 17, 2023) (quoting *Ryan v. Napier*, 425 P.3d 230, 236 (Ariz. 2018)); *see also Moran v. Hawthorne Police Dep't*, 2025 U.S. Dist. LEXIS 48794, at \*11-12 (D.N.J. Mar. 18, 2025) ("Courts have repeatedly dismissed negligence claims where the underlying conduct involves an intentional act."); *Smith v. Lusk*, 533 F. App'x 280, 284 (4th Cir. 2013) (noting that "intentional acts are not encompassed by general negligence principles") (citation omitted); *Kasnick v. Cooke*, 842 P.2d 440, 441 (Ore. App. 1992) ("[P]laintiff may not allege facts that necessarily would constitute an intentional tort but then assert that he can prevail by proving only negligence."). Because this Court has ruled that Daniel's Law is construed under a negligence standard, the *Calder* "effects" test does not apply.

Second, even if the "effects" test could apply, PropStream has already provided Plaintiffs with a sworn statement from PropStream's CEO – who was also PropStream's corporate representative at the Rule 30(b)(6) deposition – attesting to the fact that "PropStream did not receive any of the takedown requests that, according to the Complaint, were sent beginning on January 4, 2024, on behalf of approximately 19,399 putative covered persons." Declaration of Brian Tepfer (ECF No. 44-1 at ¶ 14). Thus, PropStream has already told Plaintiffs that none of the communications from Plaintiffs described in the Complaint were received by PropStream. The communications simply do not exist on PropStream's end. And "[w]hen a party seeks discovery that does not exist, the court should exercise its discretionary power to deny a motion to compel such discovery." *Bramhall v. Delsandro*, 2024 U.S. Dist. LEXIS 136150, at \*8 (W.D. Pa. Aug. 1, 2024); *Kokinda v. Pa. Dep't of Corr.*, 2018 U.S. Dist. LEXIS 29251, at \*9 (W.D. Pa. Feb. 23,

14

2018) ("When discovery requests seek material that does not exist, there is nothing to compel.");
*Martinez v. Jones*, 2015 U.S. Dist. LEXIS 69468, at *10 (M.D. Pa. May 29, 2015) (denying a
motion to compel discovery of a videotape because it "reportedly [did] not exist").   Since
Plaintiffs' already have a sworn declaration stating that PropStream did not receive any of the
communications which are the subject of the Complaint, there is nothing to compel and the Motion
to Compel should be denied.  *See, e.g., Robinson v. Cty. of San Bernardino*, 2025 U.S. Dist. LEXIS
188056, at *9 (C.D. Cal. Sep. 23, 2025) (declining to compel a Rule 30(b)(6) deposition about
investigations where defendants maintain that no investigations were conducted, but ordered a
sworn declaration to that effect).

Lastly, even if there was information to compel at a continued deposition of PropStream's
corporate representative, the Motion to Compel should *still* be denied because the information
sought does nothing to satisfy the "effects" test.  The Third Circuit has explained that "the effects
test prevents a defendant from being haled into a jurisdiction solely because the defendant
intentionally caused harm that was felt in the forum state if the defendant did not expressly aim
his conduct at that state." *Wolstenholme v. Bartels*, 511 F.App'x 215, 219 (3d Cir. 2013) (quoting
*Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007)).   Therefore, courts examine the "expressly
aimed" prong of the "effects" test before considering the other two elements.  *See, e.g., Sugartown
Worldwide, LLC v. Shanks*, 2016 U.S. Dist. LEXIS 60239, at *15 (E.D. Pa. May 6, 2016).  Citing
to two Ninth Circuit cases, Plaintiffs maintain that Defendants' receipt of takedown requests
establishes "knowledge that disclosing…the New Jersey address or phone number of a Covered
Person after ten business days will violate that Covered Person's privacy rights and expose them
to harm in…New Jersey," and "[t]hat is enough for express targeting under the effects test."
Moving Br. at 14.  However, notwithstanding what the Ninth Circuit may hold, binding Third

Circuit precedent provides that "[knowledge] alone is insufficient to satisfy the targeting prong of the effects test." *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 266 (3d Cir. 1998). "A court cannot automatically infer that a defendant expressly aimed its tortious conduct at the forum from the fact that the defendant knew that the plaintiff resided in the forum." *Walburn v. Rovema Packaging Machs., L.P.*, 2008 U.S. Dist. LEXIS 25369, at *22 (D.N.J. Mar. 28, 2008); *Marks v. Alfa Grp.*, 369 F. App'x 368, 370 (3d Cir. 2010) ("Knowledge of where an individual resides, however, is insufficient to establish jurisdiction…"); *Redi-Data, Inc. v. Spamhaus Project*, 2022 U.S. Dist. LEXIS 136929, at *23 n.9 (D.N.J. Aug. 2, 2022) ("The Court notes that merely receiving a demand letter indicating the plaintiff's location is likely insufficient to show that the defendant expressly aimed its tortious conduct at the forum state."); *Voltaix, LLC v. NanoVoltaix, Inc.*, 2009 U.S. Dist. LEXIS 91380, at *9 (D.N.J. Oct. 1, 2009) (rejecting argument that defendant's "alleged knowledge of Voltaix's trademark and presence in New Jersey means that NanoVoltaix's decision to take on the name and mark NanoVoltaix was expressly aimed at New Jersey."). In order to satisfy the "expressly aimed" prong in the Third Circuit, Plaintiffs are required to "point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." *IMO Indus.*, 155 F.3d at 266. Knowledge that Plaintiffs reside in New Jersey does nothing to satisfy this requirement. Therefore, these requests were previously deemed to be, and remain, irrelevant to the issue of personal jurisdiction.

For all of these reasons, Plaintiffs' Motion to Compel should be denied.

## IV.    IF THE COURT IS INCLINED TO GRANT THE MOTION TO COMPEL, RULE 37 PRECLUDES THE IMPOSITION OF COSTS ON PROPSTREAM

In the conclusion section of their brief, Plaintiffs request that the Court order Defendants "to pay for the costs of the court reporter and transcript for the additional deposition." Moving Br.

at 18.  Plaintiffs argue that this cost-shifting is "mandatory" under Federal Rule of Civil Procedure

37.  Plaintiffs' single-sentence argument on the issue ignores a critical component of Rule 37.

Under Rule 37(a)(5)(A), if a motion to compel discovery is granted:

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. ***But the court must not order this payment if:***
>
> ***(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;***
>
> ***(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or***
>
> ***(iii) other circumstances make an award of expenses unjust.***

Fed. R. Civ. P. 37(a)(5)(A).  Here, (1) Plaintiffs failed to confer with PropStream in good faith

before filing the motion, and (2) the Court's Order on Plaintiffs' prior motion to compel

substantially justified PropStream's objections and nondisclosure.  To avoid any fee- or cost-

shifting, the non-movant must establish either Rule 37(a)(5)(A)(i), -(ii) or –(iii).  In light of these

two indisputable facts, *all three of these sections are satisfied*.

Thus, Rule 37 does not require the imposition of costs on PropStream.  In fact, Rule 37

*precludes* it.

## <u>CONCLUSION</u>

For these reasons, PropStream respectfully submits that Plaintiffs' Motion to Compel should be denied.

Dated: January 26, 2025
Newark, New Jersey

 *s/ Joshua R. Elias*
Frederick W. Alworth
Joshua R. Elias, Esq.
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500
falworth@fbtgibbons.com
jelias@fbtgibbons.com
*Attorneys for Defendant Equimine, Inc.*

18