**FBT GIBBONS LLP**
One Gateway Center
Newark, NJ 07102-5310
(973) 596-4500

*Attorneys for Defendant*
*Equimine, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EQUIMINE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | Civil Action No.  24-4261 <br><br> *Document electronically filed* <br><br><br> **ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Equimine, Inc. d/b/a PropStream ("PropStream"), by and through its attorneys, FBT Gibbons LLP, for its Answer to the Complaint filed by Atlas Data Privacy Corporation ("Atlas"), as assignee of individuals who are Covered Persons, Jane Doe-1, Jane Doe-2, Edwin Maldanado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev and William Sullivan (collectively, "Plaintiffs"), states as follows:

1.      PropStream admits the allegations set forth in Paragraph 1 of the Complaint to the extent it alleges that legislation known as Daniel's Law was enacted in New Jersey.  Daniel's Law speaks for itself and PropSteam denies any allegation contained in this Paragraph that is inconsistent therewith.  As to the balance, PropSteam lacks sufficient information and knowledge

to either admit or deny the remaining allegations in this Paragraph and leave Plaintiffs to their proofs.

2.      PropStream denies the allegations set forth in Paragraph 2 of the Complaint.

3.      PropStream admits the allegations set forth in Paragraph 3 of the Complaint to the extent it alleges that legislation known as Daniel's Law was enacted in New Jersey.  To the extent the allegations in this Paragraph alleged that PropStream is a "data broker[]" that "wantonly and repeatedly disregard[s] the law" and "demonstrate[s] a callousness toward the well-being of those who serve," PropStream denies the allegations.  The balance of this Paragraph contains no factual allegations directed at PropStream and, therefore, PropSteam need not respond to the remaining statements set forth in this Paragraph and neither admit nor deny same.  To the extent a response is necessary, PropStream denies these remaining allegations.

4.      PropStream denies the allegations set forth in Paragraph 4 of the Complaint to the extent it alleges that PropStream violated Daniel's Law.  PropSteam admits the allegations to the extent this Paragraph alleges that the Complaint seeks injunctive relief and statutory damages.  As to the balance, PropSteam lacks sufficient information and knowledge to either admit or deny the remaining allegations in this Paragraph and leave Plaintiffs to their proofs.

5.      PropStream admits the allegations set forth in the first and last two sentences of Paragraph 5 of the Complaint.  As to the balance, PropSteam lacks sufficient information and knowledge to either admit or deny the remaining allegations in this Paragraph and leave Plaintiffs to their proofs.

6.      PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 6 of the Complaint, and leave Plaintiffs to their proofs.

7.      PropStream lacks sufficient information and knowledge to either admit or deny the

allegations set forth in Paragraph 7 of the Complaint, and leave Plaintiffs to their proofs.

8.      PropStream admits the allegations set forth in Paragraph 8 of the Complaint to the extent it alleges that legislation entitled Daniel's Law was enacted in New Jersey in response to the shooting of Daniel Anderl.  To the extent this Paragraph seeks to interpret or summarize Daniel's Law, Daniel's Law speaks for itself and PropSteam denies any allegation that is inconsistent therewith.  As to the balance, the remaining allegations call for legal conclusions which are inappropriate for either admission or denial in this pleading.  To the extent a response is necessary, PropStream denies these remaining allegations.

9.      To the extent Paragraph 9 of the Complaint seeks to interpret or summarize Daniel's Law, Daniel's Law speaks for itself and PropSteam denies any allegation that is inconsistent therewith.  As to the balance, the remaining allegations call for legal conclusions which are inappropriate for either admission or denial in this pleading.  To the extent a response is necessary, PropStream denies these remaining allegations.

10.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 10 of the Complaint, and leave Plaintiffs to their proofs.

11.     The "federal bill" referenced in Paragraph 11 of the Complaint speaks for itself and PropSteam denies any allegation that is inconsistent therewith.  As to the balance, the remaining allegations call for legal conclusions which are inappropriate for either admission or denial in this pleading.  To the extent a response is necessary, PropStream denies these remaining allegations.

12.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 12 of the Complaint, and leave Plaintiffs to their proofs.

13.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 13 of the Complaint, and leave Plaintiffs to their proofs.

14.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 14 of the Complaint, and leave Plaintiffs to their proofs.

15.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 15 of the Complaint, and leave Plaintiffs to their proofs.

16.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 16 of the Complaint, and leave Plaintiffs to their proofs.

17.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 17 of the Complaint, and leave Plaintiffs to their proofs.

18.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 18 of the Complaint, and leave Plaintiffs to their proofs.

19.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 19 of the Complaint, and leave Plaintiffs to their proofs.

20.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 20 of the Complaint, and leave Plaintiffs to their proofs.

21.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 21 of the Complaint, and leave Plaintiffs to their proofs.

22.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 22 of the Complaint, and leave Plaintiffs to their proofs.

23.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 23 of the Complaint, and leave Plaintiffs to their proofs.

24.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 24 of the Complaint, and leave Plaintiffs to their proofs.

25.     Upon information and belief, PropStream admits the allegations set forth in

Paragraph 25 of the Complaint.

26.     The allegations set forth in Paragraph 26 of the Complaint call for legal conclusions which are inappropriate for either admission or denial in this pleading.  To the extent a response is required, PropStream admits only that Atlas seeks to assert claims against PropStream as the purported assignee of 19,399 individuals who are not identified in the Complaint, and denies the remaining allegations in this Paragraph.

27.     PropStream denies the allegations set forth in Paragraph 27 of the Complaint to the extent it alleges that PropStream is liable to Plaintiffs for failing to comply with Daniel's Law.  As to the balance, PropSteam lacks sufficient information and knowledge to either admit or deny the remaining allegations in this Paragraph and leave Plaintiffs to their proofs.

28.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 28 of the Complaint, and leave Plaintiffs to their proofs.

29.     PropStream denies the allegations set forth in Paragraph 29 of the Complaint.

30.     The allegations set forth in Paragraph 30 of the Complaint call for legal conclusions which are inappropriate for either admission or denial in this pleading.  To the extent a response is required, PropStream lacks sufficient information and knowledge to either admit or deny the allegations in this Paragraph, and leave Plaintiffs to their proofs.

31.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 31 of the Complaint, and leave Plaintiffs to their proofs.

32.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 32 of the Complaint, and leave Plaintiffs to their proofs.

33.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 33 of the Complaint, and leave Plaintiffs to their proofs.

34.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 34 of the Complaint, and leave Plaintiffs to their proofs.

35.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 35 of the Complaint, and leave Plaintiffs to their proofs.

36.     PropSteam admits the allegations set forth in Paragraph 36 of the Complaint to the extent it alleges that Plaintiffs seek to assert claims against PropStream for alleged violations of Daniel's Law. As to the balance, PropStream lacks sufficient information and knowledge to either admit or deny the remaining allegations in this Paragraph, and leave Plaintiffs to their proofs.

37.     PropStream admits the allegations set forth in Paragraph 37 of the Complaint to the extent it alleges that PropStream is an online provider of comprehensive real estate data and that data displayed on its website may include the names of property owners, although PropStream's general subscribers cannot look up real estate data by property owner name alone.  As to the balance, PropStream denies these remaining allegations.

38.     PropStream denies the allegations set forth in Paragraph 38 of the Complaint to the extent it alleges that PropStream committed "violations described in this Complaint," that it engaged in "intentional efforts…to conceal," and/or that there was a "failure[] to comply with the law."  As to the balance, PropSteam lacks sufficient information and knowledge to either admit or deny the remaining allegations in this Paragraph, and leave Plaintiffs to their proofs.

39.     PropStream admits the allegations set forth in Paragraph 39 of the Complaint to the extent it alleges that PropStream operates a website with the domain address www.propstream.com, which offers or discloses certain data and information and is available to internet users nationwide, including in New Jersey.  PropStream denies any allegation in this Paragraph that any disclosure of data or information was in violation of Daniel's Law.

40.    PropStream admits the allegations set forth in Paragraph 40 of the Complaint to the extent it alleges that PropStream is an online provider of comprehensive real estate data and that data displayed on its website and accessible to users may include the names of property owners, although PropStream's general subscribers cannot look up real estate data by property owner name alone.  As to the balance, PropStream denies the remaining allegations in this Paragraph, including that the data displayed on PropStream's website includes home telephone numbers or that any information on PropStream's website violated Daniel's Law.

41.    PropStream admits the allegations set forth in Paragraph 41 of the Complaint to the extent it alleges that legislation known as Daniel's Law was enacted in New Jersey.  Daniel's Law speaks for itself and PropSteam denies any allegation contained in this Paragraph that is inconsistent therewith.  As to the balance, PropStream denies these remaining allegations.

42.    The allegations set forth in Paragraph 42 of the Complaint call for legal conclusions which are inappropriate for either admission or denial in this pleading.  To the extent a response is required, PropStream denies the allegations.

43.    The allegations set forth in Paragraph 43  of the Complaint call for legal conclusions which are inappropriate for either admission or denial in this pleading.  To the extent a response is required, PropStream denies the allegations.

44.    PropStream admits the allegations set forth in Paragraph 44 of the Complaint.

45.    The allegations set forth in Paragraph 45 of the Complaint call for legal conclusions which are inappropriate for either admission or denial in this pleading.  To the extent a response is required, Daniel's Law speaks for itself and PropSteam denies any allegation that is inconsistent therewith.

46.    The allegations set forth in Paragraph 46 of the Complaint purport to characterize

Daniel's Law and, therefore, call for legal conclusions which are inappropriate for either admission or denial in this pleading.  To the extent a response is required, Daniel's Law speaks for itself and PropSteam denies any allegation that is inconsistent therewith.

47.    The allegations set forth in Paragraph 47 of the Complaint purport to characterize Daniel's Law and, therefore, call for legal conclusions which are inappropriate for either admission or denial in this pleading.  To the extent a response is required, Daniel's Law speaks for itself and PropSteam denies any allegation that is inconsistent therewith.

48.    PropStream admits the allegations set forth in Paragraph 48 of the Complaint.

49.    PropStream admits the allegations set forth in Paragraph 49 of the Complaint.

50.    Daniel's Law speaks for itself and PropSteam denies any allegation set forth in Paragraph 50 of the Complaint that is inconsistent therewith.

51.    PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 51 of the Complaint and, in particular, whether Plaintiffs sent PropStream nondisclosure requests via email starting on or about January 2, 2024, and leave Plaintiffs to their proofs.  PropStream states that it did not receive any of the nondisclosure requests purportedly sent on or about January 2, 2024.

52.    The document referenced in Paragraph 52 of the Complaint speaks for itself and PropSteam denies any allegation that is inconsistent therewith.  PropStream denies any allegation that the email referenced in this Paragraph was received by PropStream.

53.    PropStream denies the allegations set forth in Paragraph 53 of the Complaint.

54.    PropStream denies the allegations set forth in Paragraph 54 of the Complaint.

55.    PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 55 of the Complaint, and leave Plaintiffs to their proofs.

56.     PropSteam admits the allegations set forth in Paragraph 56 of the Complaint to the extent it alleges that Plaintiffs seek to assert claims against PropStream for alleged violations of Daniel's Law. As to the balance, PropStream denies the remaining allegations in this Paragraph, including the allegation that PropStream violated Daniel's Law and that PropStream refuses to comply with Daniel's Law.

## COUNT ONE
### (Daniel's Law)

57.     Paragraph 57 is an incorporation paragraph to which no responsive pleadings is required.  PropStream hereby incorporates its answers to each of the foregoing paragraphs as if they were fully set forth at length herein.

58.     PropStream lacks sufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 58 of the Complaint and, in particular, whether Plaintiffs "transmitted" the nondisclosure requests, and leave Plaintiffs to their proofs.  PropStream denies that it receive any of the nondisclosure requests purportedly sent on or about January 2, 2024.

59.     The allegations set forth in Paragraph 59 of the Complaint call for legal conclusions which are inappropriate for either admission or denial in this pleading.  To the extent a response is required, PropStream denies the allegations.

60.     PropStream denies the allegations set forth in Paragraph 60 of the Complaint.

61.     PropStream denies the allegations set forth in Paragraph 61 of the Complaint to the extent it alleges that PropStream did not cease disclosure or re-disclosure on the internet or did not cease to make the subject information available as required by Daniel's Law.  As to the balance, the remaining allegations in this Paragraph call for legal conclusions which are inappropriate for either admission or denial in this pleading.  To the extent a response is required, PropStream denies the allegations.

62.     The allegations set forth in Paragraph 62 of the Complaint call for legal conclusions which are inappropriate for either admission or denial in this pleading.  To the extent a response is required, PropStream denies the allegations.

63.     PropSteam admits the allegations in Paragraph 63 of the Complaint only to the extent it alleges that the Complaint seeks legal and equitable relief.  As to the balance, PropStream denies the remaining allegations in this Paragraph.

**WHEREFORE**, PropStream demands entry of judgment in its favor and against Plaintiffs, dismissing with prejudice all claims for relief against PropStream set forth in Plaintiffs' Complaint and awarding attorney's fees, interest, costs of suit, and such further relief as the Court deems justified in favor of PropStream and against Plaintiffs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, either in whole or in part, for lack of standing.

### THIRD AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, either in whole or in part, by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, either in whole or in part, by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, either in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, either in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, either in whole or in part, because Atlas is not an appropriate assignee under Daniel's Law and/or one or more of the assignments are invalid.

## EIGHTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, either in whole or in part, because at all times relevant to this matter, PropStream acted in good faith and complied with all applicable laws, including Daniel's Law.

## NINTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, either in whole or in part, because Atlas' actions constitute entrapment in that it sent takedown notices in a burdensome manner.

## TENTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, either in whole or in part, because performance was impossible, as a result of, among other things, the delay and intentional sending of thousands of takedown notices in a manner and at a time intended to make it impossible for PropStream to comply.

## ELEVENTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, either in whole or in part, by Plaintiffs' failure to mitigate their damages, including but not limited to by delaying the sending of takedown requests.

## TWELFTH AFFIRMATIVE DEFENSE

The alleged damages sustained by Plaintiffs, if any, were caused by the conduct of third parties over whom PropStream had no control.

## THIRTEENTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, either in whole or in part, because Plaintiffs have not suffered any damages proximately caused by PropStream's actions.

## FOURTEENTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, either in whole or in part, because Plaintiffs did not comply with the requirements of Daniel's Law to trigger any obligation owed by PropStream under Daniel's Law.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent PropStream is found to be liable to Plaintiffs, PropStream is entitled to equitable indemnification from Atlas.

## SIXTEENTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint for liquidated damages fail to the extent that such damages would constitute an impermissible penalty and/or fail to reasonably relate to any claimed actual damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint for punitive damages fails to the extent that the Complaint states no facts in support of a claim for punitive damages and/or to the extent that such damages would be inconsistent with state or federal constitutional principles.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, either in whole or in part, because one or more of the Plaintiffs do not meet the statutory definition of "Covered Persons" under Daniel's Law.

## NINTEENTH AFFIRMATIVE DEFENSE

The Complaint fails because Daniel's Law may not be enforced against PropStream as it facially violates the United States and/or New Jersey Constitutions.  Alternatively, application of Daniel's Law against PropStream under the facts of this case would violate the United States and/or New Jersey Constitutions.

## TWENTIETH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, either in whole or in part, because PropStream had no intention to violate Daniel's Law and was not negligent in its actions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, either in whole or in part, because PropStream did not receive any of the takedown notices that form the basis of the Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

PropStream reserves the right to amend, add to or modify these Affirmative Defenses as further information is developed during the course of discovery or otherwise.

G118218.G110799  4922-0921-1545v1

**FBT GIBBONS LLP**

Dated: April 1, 2026
Newark, New Jersey

By:  *s/ Joshua R. Elias*
Frederick W. Alworth
Joshua R. Elias
One Gateway Center
Newark, New Jersey 07102-5310
Tel: (973) 596-4500
jelias@fbtgibbons.com

*Attorneys for Defendant*
*Equimine, Inc.*