IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | No. 24-4292 |
| | : | No. 25-1535 |
| v. | : | |
| | : | |
| EQUIMINE, INC., et al. | : | NO. 24-4261 |

<u>ORDER</u>

THIS MATTER having been opened before the Court upon the motion of Defendant Equimine, Inc. d/b/a PropStream ("PropStream"), pursuant to Local Civil Rules 5.3(c) and 7.1, for an order permanently sealing ECF No. 91, ECF No. 92 and ECF No. 93[1]; and the Court having considered the submissions related to the motion, as well as the arguments of counsel, if any; and for good cause shown, the Court finds:

<u>FINDINGS OF FACT</u>

(1) During the course of this action, the parties have designated various materials confidential under the terms of the Confidentiality Order entered on May 14, 2025 (ECF No. 56). The confidential information that PropStream seeks to seal through this Motion to Seal is identified in the accompanying Index in support of the Motion to Seal.

---

[1] The documents at ECF No. 91 and ECF No. 92 were also publicly filed in the matters captioned *Atlas Data Privacy Corp., et al. v. Melissa Data Corp., et al.*, Civil Action No. 24-cv-4292, at ECF No. 99 and ECF No. 100, and *Atlas Data Privacy Corp., et al. v. Innovative Web Solutions, LLC, et al.*, Civil Action No. 25-cv-1535, at ECF No. 56 and ECF No. 57.

(2)   The confidential information that is the subject of this Motion to Seal reveals, contains, and/or reflects PropStream's subscriber information, third-party service providers, datasets, data volume and/or data sources, the disclosure of which would give PropStream's business competitors an unfair competitive advantage.  Further, this proprietary information is presently confidential and unavailable to the public.

(3)   PropStream has a substantial and legitimate interest in maintaining the confidentiality of the information contained in the foregoing documents and avoiding the public disclosure of this information because the information sought to be sealed is unavailable to the public and PropStream has taken substantial efforts to ensure that all such confidential information is maintained as confidential.  The interests of the public that warrant sealing include the interest of not burdening litigants' access to the Court by requiring public disclosure of confidential information as a condition of litigating their rights.  No interest of the public warrants disclosure of the confidential information.

(4)   Public filing of the confidential information subject to this Motion to Seal would cause PropStream to suffer irreparable injury in the form of losing competitive advantage as a result of disclosure of internal datasets, data volume,

2

vendor relationships or customer information.  The disclosure of such confidential information could affect PropStream's ability to compete in the industry and enable competitors to freely replicate the company's methods.

(5)  To protect PropStream from unwarranted and irreparable harm, and because the confidential information subject to this Motion to Seal is not publicly available, sealing constitutes the least restrictive alternative being sought.

(6)  The clearly defined and serious injury that would result should the confidential information not be sealed includes commercial injury and harm to competitive positions.

(7)  PropStream has complied with Local Civil Rule 5.3(c)(4) by filing a redacted public version of its reply brief (ECF Nos. 93, 97) containing confidential information. Plaintiffs have confirmed that they will be filing redacted public versions of their opposition brief (ECF No. 91) and supporting certification (ECF No. 92) containing confidential information.  There is no less restrictive means for preserving the confidentiality of this information.

(8)  Plaintiffs take no position regarding PropStream's purported confidential material and do not oppose the Motion to Seal.

3

CONCLUSIONS OF LAW

(9)   Although there is a common law public right of access to judicial proceedings and records, the right of public access is not absolute, and the presumption of public access is rebuttable.  *See In re Cendant Corp.*, 260 F.3d 183, 192, 194 (3d Cir. 2001).

(10) The presumption of public access has been applied "to a wide variety of civil records and documents," including "pleadings, orders, notices, exhibits and transcripts." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161-62 (3d Cir. 1993) (citations and internal quotation marks omitted).

(11) In this District, the party seeking to seal a judicial record bears the burden of demonstrating that good cause exists to overcome the presumption in favor of public access.  *China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, Civ. Action No. 15-6210 (KM), 2017 U.S. Dist. LEXIS 138651, at *4 (D.N.J. Aug. 29, 2017).

(12) Good cause to protect information from exposure exists where disclosure would result in a clearly defined and serious injury to the party seeking to overcome the presumption of access.  *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984).  General allegations of harm are insufficient; rather, the movant must give "specific examples or articulated

4

reasoning" that harm will result.  *In re Cendant Corp.*, 260 F.3d at 194.  "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information…, where there is a sufficient threat of irreparable harm.'"  *In re Gabapentin Pat. Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (quoting *Publicker*, 733 F.2d at 1071).  As such, "[t]he presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure."  *Id.*  (citing *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165-66 (3d Cir. 1993)); *see Publicker*, 733 F.2d at 1071 ("[P]rotection of a party's interest in confidential commercial information" is an exception to the right of public access); *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) ("[C]ourts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing.").

(13) "This [good cause] standard was incorporated into this District's Local Civil Rule 5.3, which sets forth the requirements for a motion to seal."  *City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin., Inc.*, No. 2:12-cv-05275 (MCA) (LDW), 2016 U.S. Dist. LEXIS 5856, at *4 (D.N.J. Jan. 15, 2016).  Local Civil Rule 5.3(c) requires, in relevant

part, that the reviewing Court consider certain factors "as well as other findings required by law."  L. Civ. R. 5.3(c)(6). These factors include: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief is not available.  L. Civ. R. 5.3(c)(3).

(14) "[C]ourts have consistently recognized that publicly exposing a party's business information might harm that party's competitive standing…."  *Overton v. Sanofi-Aventis U.S., LLC*, Civ. Action No. 13-05535 (DEA), 2014 U.S. Dist. LEXIS 48945, at *6 (D.N.J. Apr. 9, 2014).  Thus, disclosure of information pertaining to PropStream's website's data, including its datasets and data volume, could reasonably be expected to cause competitive harm and adversely affect PropStream's market position within the industry.  *See CDK Glob., LLC v. Tulley Auto. Grp., Inc.*, No. 15-cv-3103 (KM)(JBC), 2020 U.S. Dist. LEXIS 266616, at *8 (D.N.J. July 13, 2020) ("Proprietary business information is customarily kept confidential because of the actual or potential value to others; and the possessor's interest in preserving the confidentiality thus serves a legitimate private interest.").

(15) Courts in this District have also routinely sealed information relating to a business' customers. *See, e.g., York Grp., Inc. v. Pontone Casket Co., LLC*, Civ. Action No. 10-1078, 2014 U.S. Dist. LEXIS 105078, at *37 (W.D. Pa. Aug. 1, 2014) (granting motion to seal and ordering the redaction of "any reference to the content of the customer lists"). As is the case here, courts have found that the number of customers or subscribers can constitute confidential business information. *See Sabinsa Corp. v. Nutribiolink LLC*, Civ. Action No. 14-04739 (JBS/KMW), 2016 U.S. Dist. LEXIS 185882, at *2, *4 (D.N.J. Jan. 5, 2016) (granting motion to seal as to, among other things, "the number of customers per year"); *Royal Mile Co. v. UPMC & Highmark, Inc.*, NO. 2:10-cv-01609-JFC, 2016 U.S. Dist. LEXIS 174565, at *22 (W.D. Pa. Mar. 30, 2016) (recommending sealing of the "total number of subscribers").

(16) Courts have likewise found that disclosure of third-party vendors and data sources would result in a clearly defined and serious injury by providing competitors an unfair market advantage. *See Zinn v. Seruga*, Civ. Action No. 05-3572 (GEB), 2008 U.S. Dist. LEXIS 133186, at *19 (D.N.J. Mar. 4, 2008) (finding "redaction is appropriate for certain portions of documents that contain limited confidential business information, including pricing and customer data as well as other propriety information regarding vendors."); *Calhoun v.*

7

*Google LLC*, No. 20-cv-05146-LHK (SVK), 2021 U.S. Dist. LEXIS 234445, at *4-5 (N.D. Cal. Dec. 7, 2021) (Sealing "various types of data sources…that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors"); *E. W. Bank v. Shanker*, No. 20-cv-07364-WHO, 2021 U.S. Dist. LEXIS 137077, at *62-64 (N.D. Cal. July 22, 2021) (finding compelling reasons to seal identity of non-public vendor to protect party's competitive standing); *3D Sys., Inc. v. Wynne*, NO. 21-cv-1141-AGS-DDL, 2024 U.S. Dist. LEXIS 151953, at *10 (S.D. Cal. Aug. 21, 2024) (granting motion to "redact two references to a vendor/supplier contained in the transcript").

(17) Thus, this Court concludes that PropStream has met its burden of showing good cause to seal PropStream's subscriber information, third-party service providers, datasets, data volume and/or data sources.  PropStream has demonstrated that its subscriber information, third-party service providers, datasets, data volume and/or data sources contain confidential information, and the Court finds there is a legitimate interest in preventing the public disclosure of this sensitive business information that could impact PropStream's competitive position. *See Goldenberg v. Indel, Inc.*, No. 09-5202 (JBS/AMD), 2012 U.S. Dist. LEXIS 479, at *7, *11-12 (D.N.J. Jan. 3, 2012) (sealing records containing "commercially sensitive and proprietary non-

public business information"); *Pfizer Inc. v. Teva Pharms. USA, Inc.*, Civ. Action No. 08-1331(DMC)(MF), 2009 U.S. Dist. LEXIS 65031, at *3-5 (D.N.J. July 28, 2009) (sealing records that "contain[ed] proprietary and confidential . . . business information").

(18) The Court finds that the confidential information contained in or referenced by the materials filed under seal satisfies the standards set forth in Local Civil Rule 5.3.

BASED UPON the foregoing findings of fact and conclusions of law, it is on this 27th day of April 2026, ORDERED that:

(1)  PropStream's Motion to Seal is hereby GRANTED;

(2)  ECF No. 91, ECF No. 92 (Exhibit C) and ECF No. 93 on the docket of Civil Action No. 24-cv-4261 are hereby PERMANENTLY SEALED;

(3)  ECF No. 99 and Exhibit C to ECF No. 100 on the docket of Civil Action No. 24-cv-4292 are hereby PERMANENTLY SEALED; and

(4)  ECF No. 56 and Exhibit C to ECF No. 57 on the docket of Civil Action No. 25-cv-1535 are hereby PERMANENTLY SEALED.

BY THE COURT:

/s/  Harvey Bartle III
                                                    J.

9