FBT Gibbons

**Joshua R. Elias**
Partner
+1 973.596.4517 (t)
+1 973.639.6351 (f)
jelias@fbtgibbons.com

November 20, 2026

***VIA ECF***

Honorable Harvey Bartle III, U.S.D.J.
United States District Court
for the Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

**Re:** ***Atlas Data Privacy Corp., et al. v. Equimine, Inc.***
**Civil Action No. 24-cv-4261 (D.N.J.)**

Dear Judge Bartle:

This Firm represents Defendant Equimine, Inc. d/b/a PropStream ("PropStream") in the above-referenced matter. We write in response to Plaintiffs' November 10, 2026 omnibus discovery letter requesting an order enforcing the Court's September 9, 2026 Discovery Order (the "September 9 Order") or an expedited conference. For the reasons that follow, Plaintiffs' request is improper and should be denied.

As an initial matter, Plaintiffs' request is premature. The September 9 Order expressly requires that, following the service of discovery responses, "the parties thereafter shall meet and confer with respect to any objections or inadequate responses to the interrogatories or requests for production" before filing motions to compel. The September 9 Order further contemplates that any motions to compel will be filed by December 3, 2026. In addition, Local Civil Rule 37.1 requires counsel to confer in a good-faith effort to resolve discovery disputes before seeking judicial intervention. Plaintiffs did not satisfy either requirement before submitting their omnibus letter. Plaintiffs never requested a meet-and-confer with PropStream regarding any alleged deficiency in PropStream's discovery responses. Nor did Plaintiffs serve any deficiency letter identifying concerns with PropStream's interrogatory answers or responses to requests for production. Instead, Plaintiffs sought Court intervention in the first instance.

Notably, Plaintiffs' entire discussion of PropStream consists of a single statement that PropStream "repeatedly asserts subpart objections while providing limited answers subject to the objection." That characterization is inaccurate. Although PropStream objected that Plaintiffs' discovery requests exceeded the numerical limitations established by the September 9 Order, PropStream nevertheless provided complete responses to every interrogatory and every request for production served by Plaintiffs. The September 9 Order limits each party to twenty-five interrogatories, including subparts, and thirty requests for production, including subparts. Plaintiffs' discovery requests plainly exceeded those limits, and PropStream preserved its objections accordingly. However, PropStream did not refuse to answer interrogatories, refuse to respond to document requests, or decline to participate in discovery. To the contrary, PropStream answered all discovery notwithstanding Plaintiffs' attempt to circumvent the Court's numerical limits through extensive subparts.

If Plaintiffs believe any particular response is inadequate, the proper course is the one required by the Court's Order: identify the alleged deficiency by letter, meet and confer with PropStream in good faith, and attempt to resolve the matter without Court intervention. Plaintiffs have not done so. Indeed, PropStream has yet to receive any correspondence identifying a single interrogatory answer or document response that Plaintiffs contend is deficient.

Accordingly, PropStream respectfully requests that the Court deny Plaintiffs' request for relief and allow the parties to follow the process established by the Court's September 9 Order. Specifically, the parties should meet and confer concerning any alleged discovery deficiencies and, if disputes remain unresolved, present those issues through a properly supported motion to compel on or before December 3, 2026, as contemplated by the September 9 Order.

We thank Your Honor for your courtesies and attention to this matter.

Respectfully submitted,

*s/ Joshua R. Elias*

Joshua R. Elias
Partner

cc: All counsel of record (via ECF)